241 N.J. Super. 10 (1989)
574 A.2d 53
DEBORAH THORSON, PLAINTIFF,
v.
JOHN THORSON, DEFENDANT.
Superior Court of New Jersey, Chancery Division Family Part, Bergen County.
Decided September 8, 1989.
*11 Mitchell Steinhart, for Bergen County Board of Social Services.
Richard Flexner, for defendant.

OPINION
KRAFTE, J.S.C.
Does N.J.S.A. 2A:17-56.23a, which prohibits retroactive modification of child support, bar cancellation of such amounts as would become due after a termination of support event occurs but prior to the filing of a motion? This court finds it does not.
It is clear that the legislature intended, by the passage of act, to make as certain as possible that all monies due for the support of a child are preserved for and paid for that purpose.
The pertinent specific language of the statute is as follows:
"Any payment or installment of an order for child support * * * shall be a judgment by operation of law on and after the date it is due. No payment or installment of an order for child support * * * shall be retroactively modified * * *."
In the present case, a Minnesota judgment provided for emancipation events. Such an event factually occurred on July 2, 1988. Upon such event occurring, support was no longer due for that child.
The first sentence of the act refers to judgments "by operation of law on and after the date it is due."
The second sentence speaks of "modification."
The third sentence speaks of "a change of circumstances" and a motion for "modification."
While "modification" can be deemed to include "termination", it is apparent that the Legislature was considering on-going support obligations, and not a termination by the occurrence of a pre-determined event (i.e., emancipation) as opposed to a change of circumstances (i.e., loss of job).
This court finds that upon termination by the occurrence of a pre-determined event, the obligation to pay child support ceases *12 either by operation of law or agreement between the parties. From and after said date, child support is not due. If it is not due, the statute is inapplicable.
Accordingly, this court will enter an order eliminating child support effective July 2, 1988, the emancipation date.