286 N.J. Super. 70 (1995)
668 A.2d 90
ROBERT BOWENS, PLAINTIFF-APPELLANT,
v.
INGRID LEE BOWENS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1995.
Decided December 20, 1995.
Before SHEBELL, STERN and NEWMAN, JJ.
William J. Volonte argued the cause for appellant (Reitman Parsonnet, attorneys, Mr. Volonte, of counsel and on the brief).
*71 Ingrid Lee Bowens, respondent, did not file a brief.
The opinion of the court was delivered by NEWMAN, J.A.D.
Plaintiff, Robert Bowens, and defendant, Ingrid Lee Bowens, were divorced on June 27, 1986. Their son, Darryl, was born on May 20, 1970. Plaintiff was ordered by the judgment of divorce to pay $20 per week to defendant as child support for Darryl who became eighteen on May 20, 1988. Plaintiff filed a motion on September 28, 1993 seeking the elimination of all support arrearages incurred following Darryl's eighteenth birthday. The motion judge hearing this uncontested matter concluded that Darryl was emancipated when he became eighteen on May 20, 1988, but that he was constrained by the anti-retroactivity provisions of N.J.S.A. 2A:17-56.23a from eliminating the arrearages.
Plaintiff argues that the anti-retroactive child support modification statute does not bar the elimination of arrearages based on the predetermined event of emancipation that occurred before the effective date of N.J.S.A. 2A:17-56.23a. We agree and reverse.
N.J.S.A. 2A:17-56.23a in its original form provided in pertinent part:
No payment or installment of an order for child support, or those portions of an order which are allocated for child support, shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification, but only from the date of mailing the notice of motion to the court or from the date of mailing written notice to the other party, either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred....
This statute, enacted on August 22, 1988 and made effective 90 days later, was designed to comply with federal legislation, the Omnibus Budget Reconciliation Act of 1986, P.L. 99-509, 100 Stat. 1874 to 2078, codified at 42 U.S.C.A. § 666(a)(9)(C). The federal law provides that, as a condition of receiving federal funding for collection of child support arrearages, states must conform with various federal standards governing child support. Those requirements include that child support obligations may not be subject to *72 retroactive modification on and after the date that they are due. 42 U.S.C.A. § 666(a)(9)(C).
In Ohlhoff v. Ohlhoff, 246 N.J. Super. 1, 586 A.2d 839 (App.Div. 1991), we addressed the retroactivity of N.J.S.A. 2A:17-56.23a, and concluded that the statutory provision represented a significant change in New Jersey practice where retroactive modification of support and vacation of arrearages on equitable principles were long permitted, and, therefore, applied the statute prospectively. Only child support which became due after the effective date of November 20, 1988 was to be affected. Ohlhoff v. Ohlhoff, supra, 246 N.J. Super. at 10-11, 586 A.2d 839.
Subsequently, the Legislature amended N.J.S.A. 2A:17-56.23a to make its prohibition on retroactive modification of child support apply to child support payments that become due both before and after the effective date of the amendment, February 18, 1993. The statute as amended, with the additions underlined, reads as follows:
No payment or installment of an order for child support, or those portions of an order for child support established prior to or subsequent to the effective date of P.L. 1993, c. 45 (c. 2A:17-56.23a), shall be retroactively modified by the court except [(portion deleted here)] with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred....
The amendment thus superseded Ohlhoff's holding that the arrearages at issue began accruing before the effective date of the statute, and so Ohlhoff does not make the statute inapplicable here.
In Ohlhoff, we cited Thorson v. Thorson, 241 N.J. Super. 10, 574 A.2d 53 (Ch.Div. 1990). Ohlhoff, 246 N.J. Super. at 8, 586 A.2d 839. Thorson held N.J.S.A. 2A:17-56.23a inapplicable where child support has been terminated upon the emancipation of the child in accordance with the terms of the judgment of divorce.
Unlike Thorson, the divorce judgment in this case did not provide for the event of emancipation. However, a different result is not required because the absence of a specific provision for *73 emancipation in a divorce judgment does not take away from the fact that it is implicit in such a judgment that the support obligation terminates upon emancipation. Emancipation remains a fact-sensitive issue, reserved to the judiciary, where disputed, for resolution. Newburgh v. Arrigo, 88 N.J. 529, 543, 443 A.2d 1031 (1982). The minor's emancipation, as found by the motion judge, occurred when Darryl attained age 18 on May 20, 1988. Although the judicial declaration of emancipation was not announced on or near the date of occurrence, that should not detract from when emancipation occurred. We held in Mahoney v. Pennell, 285 N.J. Super. 638, 667 A.2d 1119 (App.Div. 1995), decided this same day, that N.J.S.A. 2A:17-56.23a, which precludes retroactive modification of a child support order, does not bar the cancellation of child support arrearages which accrued subsequent to the date of the emancipation of the minor. Since Darryl was found by the motion judge to be emancipated when he became 18 on May 20, 1988, those unpaid arrearages accruing from the emancipation date shall be canceled.
Reversed and remanded for modification of the order of December 22, 1994 consistent with this opinion.