973 A.2d 404 (2008)
408 N.J. Super. 78
Floyd CENTANNI, plaintiff,
v.
Andrea CENTANNI, Defendant.
Docket No. FM-13-1723-03A
Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County.
Decided December 10, 2008.
*405 Floyd Centanni, pro se.
Lawrence W. Luttrell, Holmdel, for defendant.
McGANN, J.S.C.
The issue coming before the court in this case is whether child support may be amended retroactive to the date of death of one of the parties' children. There are no reported cases in this state dealing with this issue.
The essential facts in this sad case are not in dispute. The parties were married on September 1, 1984. The marriage produced two children, to wit: Danielle, born January 17, 1989, and Dana, born November 5, 1990. The parties were divorced on June 10, 2004, after entering into a property settlement agreement.
Tragically, the parties' daughter Dana was killed in an automobile accident on October 6, 2007. On January 10, 2008, the plaintiff filed a pro se motion seeking, inter alia, to reduce child support. The defendant, through her attorney, filed a cross motion. Oral argument was heard on March 28, 2008.
The plaintiff argued that any modification should be retroactive to the date of the parties' daughter's death, while the defendant posited that the filing date of the plaintiffs motion should govern.
Any discussion on whether child support can be retroactively modified must start with an analysis of N.J.S.A 2A:17-56.23a. That statute provides in pertinent part:
No payment Or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of P.L. 1993, c. 45 (C. 2A:17-56.23a), shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days. In the event a motion is not filed within the 45 day period, modification shall be permitted only from the date the motion is filed with the court.
[Ibid.]
Since there is no contention that any such written notice was sent, the issue is whether child support is to be amended on *406 the date of the child's death or the filing date of the motion.
In the over twenty years since the statute's enactment, the courts have entertained scenarios where they have ruled that a departure from the strict language of the statute was warranted. In the case of Keegan v. Keegan, 326 N.J.Super., 289, 741 A.2d 134 (App.Div.1999), the trial court had granted a retroactive increase in the college expense aspect of child support. The Appellate Division, after analyzing the legislative history, opined:
Thus, the purpose of the statute was to remedy the loopholes of interstate child support enforcement laws in order to benefit the children, not to eliminate any perceived unfairness to Mr. Keegan. Nothing in the legislative history suggests that the law was enacted to protect "parents" from retroactive modifications increasing support obligations where equitable. See Lanza v. Lanza, 268 N.J.Super. 603, 607, 634 A.2d 152 (Ch.Div.1993) (ordering a retroactive increase in defendant's child support to reflect substantial increase in one year's earnings due to increased commissions). [Id. at 294, 741 A.2d 134.]
In the case of Mallamo v. Mallamo, 280 N.J.Super. 8, 654 A.2d 474 (App.Div.1995), the court noted that the trial judge, following a divorce trial, established a $100 per week child support figure which he made effective the first day of that trial. In doing so, he reduced the $175 per week pendente lite figure he had set fourteenand-one-half months prior to the start of the trial. The court cited the difficulties in establishing an accurate child support figure at the pendente lite stages of the divorce proceedings, and held that the judge's order reducing child support, effective the first day of trial, did not constitute a retroactive modification prohibited by N.J.S.A. 2A:17-56.23a.
In the case of Halliwell v. Halliwell, 326 N.J.Super. 442, 741 A.2d 638 (App.Div. 1999), the court dealt with the issue of retroactive modification as it related to an obligor who was incarcerated for an extended period of time. The court developed a procedure that would allow trial courts to equitably deal with this issue when it held:
To avoid the impact of N.J.S.A. 2A:17-56.23(a), we conceive that the better practice, in cases where the obligor has been sentenced to a lengthy period of incarceration and has no assets, would be to defer any action on the obligor's motion and to transfer the matter to the inactive calendar pending the obligor's release from the custodial sentence. Coincident with the obligor's release, defendant's motion would be considered after each party filed an updated case information statement. Utilizing the child support guidelines then in effect, the court could easily enter an order retroactive to the date of the obligor's initial motion divisible between current support for the future and an arrearage payment attributable to the period of incarceration subsequent to the date of filing of the obligor's modification motion but based on the obligor's earning capacity.
[Id. at 457-58, 741 A.2d 638.]
In a case that presents the closest analogy with the case at bar, the court in Mahoney v. Pennell, 285 N.J.Super. 638, 667 A.2d 1119 (App.Div.1995), was confronted with the issue of whether N.J.S.A. 2A:17-56.23a barred retroactive modification of child support in the event of the emancipation of a child. The court opined as follows:

N.J.S.A 2A:17-56.23a was enacted to ensure that ongoing support obligations that became due were paid. A change of circumstances, such as loss of a job, *407 could therefore, not be used as a basis to modify retroactively arrearages which already accrued under a child support order. Implicit, however, in the judicial obligation to enforce the terms of a child support order is the underlying premise that a duty to support exists. Where there is no longer a duty of support by virtue of a judicial declaration of emancipation, no child support can be come due. See, Thorson v. Thorson, 241 N.J.Super. 10, 11, 574 A2d 53 (Ch.Div. 1989) (child support arrears eliminated despite N.J.S.A. 2A:17-56.23a because child support obligation terminated upon the emancipation of the child in accordance with the terms of the judgment of divorce). Thus, we cannot ascribe to this legislation, nor do we find any indication that the legislature so intended, to bar termination of child support retroactively to the time a child became emancipated.
[Id. at 643, 667A.2d 1119.]
The same reasoning applies in the instant case. Upon the tragic death of the parties' daughter, the duty to pay support for her ceased. Nothing within the four corners of the statute evinces an intent on the part of the legislature to bar retroactive modification upon such an occurrence. Moreover, there are other equities at work here. To bar retroactive modification would be to punish financially an obligor who has thoughtfully, and in good faith, allowed an appropriate period of grieving and healing to take place before seeking redress in court. Consequently, a bar on retroactive modifications would encourage an inopportunely-timed filing while families are still in the midst of coping with the tragedy.
Accordingly, this court finds that N.J.S.A. 2A:17-56.23a does not bar the modification of child support retroactive to the date of death of any of the parties' children.
After reviewing the financial documentation submitted by the parties, the plaintiffs child support obligation for the parties' surviving child, Danielle Centanni, is set at $100 per week retroactive to the date of death of the parties' child, Dana Centanni, on October 6, 2007.