16 A.3d 1127 (2010)
419 N.J. Super. 327
Michele VAN BRUNT, Plaintiff,
v.
Craig VAN BRUNT, Defendant.
No. FM-15-091-08N
Superior Court of New Jersey, Chancery Division, Ocean County, Family Part.
Decided December 3, 2010.
*1128 Michelle Van Brunt, plaintiff pro se.
Craig Van Brunt, defendant pro se.
L.R. JONES, J.S.C.
This case presents the following two issues of first impression in the State of New Jersey:
(a) Does a court order requiring an unemancipated college student to produce proof of college attendance, course credits and grades to his/her parents as a condition for ongoing child support and college contribution violate the student's right to privacy under the Family Educational Rights and Privacy Act (FERPA); 20 U.S.C.A. § 1232g; 34 C.F.R. § 99.31.
(b) When a non-custodial parent pays court-ordered child support and/or college costs for an unemancipated college student, is the responsibility to provide that parent with ongoing proof of college attendance/credits/grades that of (a) the student, (b) the custodial parent, or (c) both?
For the reasons set forth below, the court concludes the following: (a) an order requiring a student to produce proof of college attendance, course credits and grades as a condition for ongoing child support and college contribution does not violate the student's rights to privacy under FERPA; (b) both the student and the custodial parent each have a responsibility and obligation to make certain that the non-custodial parent is provided with ongoing proof of the student's college enrollment, course credits and grades.
Plaintiff and defendant divorced on April 10,2008. They had two children: Melissa, born in October 1988 and K.V., born in July 1996. The parties' marital settlement agreement ("MSA") stated that the parties would share joint legal custody of the children, with plaintiff designated as the parent of primary residence. The MSA also incorporated consensual provisions for child support, college contribution and emancipation relative to both parties' children.
Pursuant to the MSA, the parties agreed that "Wife shall consult and confer with Husband" on matters of importance relating to the children's education. Defendant was obligated to pay child support to plaintiff, along with contribution towards medical insurance, uncovered medical expenses, and college costs. The parties expressly agreed to consult with each other with a view towards adopting a harmonious policy concerning the children's college education. Defendant's obligation to support the children would continue until the children became emancipated.
In the MSA, the definition of emancipation included a stipulation that a child *1129 would remain unemancipated if a child continued to attend four academic years of college. However, the MSA was silent on the issue of defendant's access to educational records.
As of 2010, Melissa was over eighteen years old and a full-time student at Stockton College.
On April 16, 2010, the parties appeared before the court upon defendant's motion to compel plaintiff to disclose Melissa's college records or to otherwise emancipate Melissa. The court noted at the time that Melissa was twenty-one years old, and accordingly, defendant's obligation to continue paying child support was contingent upon Melissa's unemancipated status as a full-time college student.
The court ordered plaintiff to submit verification of Melissa's full-time collegiate status, including: (a) a list of all courses taken by Melissa and credits as verified by Melissa's college; (b) copies of Melissa's report cards; and (c) verification of Melissa's school enrollment. If the information was not sent within thirty days, defendant could re-file his application for retroactive emancipation of Melissa.
Thereafter, plaintiff failed to supply defendant with Melissa's college documentation. Defendant again filed a motion for emancipation. Plaintiff filed a response, attaching copies of some, but not all, of the required documentation to verify Melissa's status as a full-time college student. On June 18, 2010, the parties again appeared before the court. The court at that time denied without prejudice defendant's emancipation application, noting that plaintiff had attached a copy of Melissa's transcripts showing that she attempted to take a full-time course load in the spring of 2009 and fall of 2009, but had not completed the necessary credits.
The court found that, "subject to additional proofs which must be supplied by plaintiff within 30 days, Melissa has been enrolled and has passed a substantial amount of classes and has achieved significant credits towards a degree (and may have in fact already achieved an Associates Degree.)" The court ordered plaintiff to supply defendant with: (a) certified records from Ocean County Community College of Melissa's final report card for the spring 2010 semester, reflecting total credits earned; (b) proof of Melissa's graduation and earning of her associates degree; and (c) documentation of an injury/illness which plaintiff asserted had interrupted Melissa's college attendance. The information was to be supplied within thirty days, or Melissa would be deemed emancipated effective March 17, 2010.
Further, the court ordered that as an ongoing condition for remaining an unemancipated college student for child support and college contribution purposes, Melissa was to take and pass a minimum of twelve credits per college semester. Plaintiff was directed to provide defendant with documented verification of the courses and the total number of credits within thirty days after the start of each semester. Plaintiff was further directed to provide defendant with a copy of Melissa's report card each semester.
Defendant has now filed another motion, alleging that plaintiff has again refused or failed to supply documented verification of Melissa's full-time college enrollment. Defendant seeks an order of enforcement to obtain documentation of Melissa's college attendance/credits/grades since plaintiff failed to comply. Plaintiff replies by asserting that the delay was caused by her daughter and notes that since Melissa is twenty-two, plaintiff is unable to obtain this paperwork due to Melissa's privacy rights. Essentially, plaintiff argues that *1130 she should not be held responsible for the delays in providing defendant with verification of college attendance since it is Melissa's responsibility, and not plaintiffs, to supply defendant with the documentation verifying ongoing collegiate status and performance. Plaintiff attaches school transcripts from Stockton College for the fall of 2010, which show that as of September 7, 2010, Melissa was registered for four classes and a total of twelve credits.
This is the third application in the 2010 calendar year alone which defendant has had to file against plaintiff to obtain ongoing information regarding Melissa's college attendance, full-time enrollment, and report cards. This situation is wholly unacceptable and violative of defendant's rights as a father who is presently under an obligation to financially contribute via child support/college contribution expenses towards his presently unemancipated daughter, Melissa. Pursuant to the MSA, defendant's obligation to support the children continued until the children became emancipated. The definition of emancipation included a stipulation that a child would remain unemancipated if a child continued to attend four academic years of college. Under every express and implicit aspect of the MSA, plaintiff had, and continues to have, an ongoing obligation to consult with defendant and advise him as to Melissa's collegiate status.
Melissa's full-time collegiate attendance and her successful performance at college are factors directly related to the continuance of her unemancipated status. That status ties directly into defendant's ongoing obligation to pay child support and/or other financial contributions to plaintiff for Melissa's benefit. If, hypothetically, Melissa were not attending college on a fulltime basis, then absent extenuating circumstances she should be emancipated and defendant's ongoing financial obligation to plaintiff should cease. Accordingly, it is critical that defendant has a right to receive ongoing confirming documentation/information relative to Melissa's collegiate status.
As a college student, Melissa generally has a right to privacy in her college records. FERPA, 20 U.S.C.A. § 1232g; 34 C.F.R. § 99.31, is a federal law which provides students over eighteen with certain privacy rights relative to their educational records. Colleges generally cannot release such records to third persons without that student's written authorization or in certain other limited circumstances. The Act applies only to certain educational institutions which receive government funds. Moreover, FERPA mandates that generally, schools must have written permission from the eligible student to release information, but that same is not required if necessary to comply with a court order. Further, FERPA specifically classifies certain information as "directory information" and allows institutions the right to disclose this information under certain conditions.
A parent who is compelled to pay child support or college contribution has a right to ongoing verification of the child's collegiate status. This information is necessary to determine whether the child should remain unemancipated. FERPA does not diminish this right. To the contrary, FERPA allows certain educational institutions to release information in order to comply with a court order.
While Melissa may assert that she has FERPA privacy rights relative to her college records, she cannot use FERPA as a sword to block her father's right to verify her ongoing collegiate status while simultaneously asserting that she is unemancipated and entitled to mandatory child support and college contribution from her father. The very basis for Melissa's *1131 continuing status as an unemancipated beneficiary of parental support is her continuing as a full-time college student. A parent who is required to pay child support and college tuition for an over-eighteen child has a right to verify the child's ongoing status and performance as a full-time student. If Melissa is not able or willing to produce verifying information to defendant, then she should not be permitted to simultaneously assert an entitlement to ongoing mandatory child support and/or college contribution from him.
While FERPA may prevent a parent from obtaining documentation from a child's college without the child's authorization, the Act does not immunize an unemancipated student from his/her ongoing responsibility to provide a supporting parent with verifying documentation of college attendance and performance.
In this case, Melissa has an ongoing obligation to provide defendant with verification of her collegiate statusincluding enrollment, course credits, and proof of academic performance via report cards. Similarly, plaintiff has an independent obligation to obtain the court-ordered educational information from Melissa and to provide this information to defendant. Since plaintiff is receiving ongoing child support paid by defendant, she has a reciprocal ongoing duty to provide information to defendant concerning Melissa's full-time collegiate status. Plaintiff cannot simply ignore that responsibility while continuing to demand child support payments from defendant.
Nor should plaintiff be permitted to wash her hands of her ongoing responsibility by claiming that only Melissa, and not plaintiff, can obtain the documentation required. The definition of emancipation under New Jersey Law includes an analysis of whether a child has moved beyond the sphere of influence by his/her parents. See Bishop v. Bishop, 287 N.J.Super. 593, 598, 671 A2d 644 (Ch.Div.1995); Bowens v. Bowens, 286 N.J.Super. 70, 73, 668 A.2d 90 (Ch. Div.1995). If plaintiff has no control of Melissa and cannot obtain simple verifying information from Melissa regarding collegiate attendance and performance, then clearly Melissa is outside the scope of plaintiffs control and influence. In such instance, Melissa should no longer be deemed unemancipated for child support and college contribution purposes.
Plaintiff cannot continue to collect child support from defendant while simultaneously failing through inaction to provide court-ordered collegiate information to him. Such inaction on plaintiffs part predictably results in defendant having to file enforcement motions. It is noted that plaintiff produces no evidence that she ever attempted to comply and provide the information to defendant prior to defendant filing his third motion.
If plaintiff truly requested the information from Melissa and Melissa truly defied or ignored her mother's request, then plaintiff theoretically could have notified defendant of Melissa's allegedly defiant actions. Further, plaintiff could have filed her own application with the court to either compel Melissa to produce the information or alternatively, to emancipate Melissa.
If Melissa will not provide either or both parents with her college attendance and performance information, then Melissa should not be entitled to request or demand that either parent support her during her collegiate career. A child who demands financial contribution from her parents logically has a reciprocal obligation to provide basic information concerning college attendance and performance to her parents, particularly in a *1132 situation when there are court orders involved.
Accordingly, if Melissa insists on withholding this information as part of her privacy rights under FERPA, she will not be compelled to turn this information over to her parents. However, in such a circumstance she may be emancipated accordingly. FERPA does not in any way require or mandate a parent to contribute to college if a student chooses to assert privacy rights to his/her academic status and performance.
It is further noted that the court is not requiring Melissa to disclose the entirety of her collegiate records, but only enrollment, course credits and grades. The court is aware that there may be other information in a student's college file which has limited or no relevance to the issue of full-time status/performance, and which should not be disclosed to any thirdparty absent consent or court order. For example, a student who attends counseling on campus may elect to keep such information confidential. In this case, however, there is no allegation of such records and, in any event, all defendant has sought is proof of full-time enrollment, course credits and grades.
In summary:
a. Melissa has an obligation to provide documentation of her college attendance and performance to her parents if she wishes to remain unemancipated.
b. Plaintiff has a direct, affirmative ongoing obligation to obtain the documented information from Melissa and to forward same to defendant within the time period set forth under prior court order. The court will not accept plaintiffs position that she cannot obtain this information from Melissa as a defense. If plaintiff truly cannot obtain such information from Melissa, then plaintiff shall have the obligation to expressly notify so that he can file a motion for emancipation,
c. So long as Melissa remains unemancipated, plaintiff shall provide defendant within thirty days after the start of each college semester with documented verification of the courses which Melissa is taking and the number of credits per course. Additionally, plaintiff shall provide defendant, within thirty days of the conclusion of each semester, a copy of Melissa's report card.
Should plaintiff and Melissa fail to comply, defendant may file a new application for Melissa's emancipation.