**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3726-18T1

LISA FORMOSO, n/k/a
LISA KING,

     Plaintiff-Respondent,

v.

MICHAEL FORMOSO,

     Defendant-Appellant.

_____

Submitted February 25, 2020 – Decided April 17, 2020

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FM-19-0251-00.

Dario, Albert, Metz, & Eyerman, LLC, attorneys for appellant (Shelley D. Albert, of counsel; Paul Joseph Concannon, on the briefs).

Lisa Formoso, respondent pro se.

PER CURIAM

In this post-judgement matrimonial dispute, defendant, the former husband, appeals from a February 15, 2019 order denying his motion to retroactively change child support and granting plaintiff's cross-motion to compel him to pay over $43,000 for their eldest daughter's college expenses. Defendant also appeals from an April 12, 2019 order denying his motion for reconsideration. Having reviewed the parties' arguments in light of the record and law, we are constrained to remand for a plenary hearing on the issues of child support and college expenses.

I.

The parties were married in May 1983 and divorced in August 2001. There were two children born of their marriage: a daughter born in July 1994, and a daughter born in March 1998. Defendant has remarried and has two additional children with his new wife.

At the time of their divorce, the parties entered into a Property Settlement Agreement (PSA), which was incorporated into their judgment of divorce. Under the PSA, defendant was to pay plaintiff child support, which over the years was increased to $304 per week. The PSA also provided that the parties would pay for their children's college expenses based on their financial situation at the time that the children attended college. In that regard, the PSA states:

(a) In the event that the children are able and inclined to attend college or post high school career training, Husband and Wife shall pay for college or career training relative to their ability to pay at that time, and proportionate to the parties' respective incomes at the time, and only after all savings and/or other accounts held for the children's college expenses are exhausted, as well as after all scholarships, grants, and financial aid is applied for and received. The parties shall fully cooperate with one another and shall assist the children in obtaining financial aid, grants, and loans for the benefit of the children's training and/or college expenses.

(b) Wife shall provide Husband upon reasonable request, copies of all bank statements, and/or accounts held for the benefit of the children's college and/or post high school career training.

(c) In the event the children attend a community college, four-year college, university[,] or career training and continue to reside at home, child support shall not be reduced and Husband shall continue to pay child support directly to Wife.

(d) In the event the child shall reside on campus or in off-campus housing, or otherwise away from home, the issue of child support shall be renegotiated.

The oldest daughter attended Rutgers University from September 2012 to May 2016. In December 2018, defendant moved to declare the oldest daughter emancipated as of June 2016, and to retroactively reduce his child support obligation. Defendant certified that he was not seeking the repayment of any child support already paid; rather, he requested "an offset" against his child support for his second daughter until she was emancipated. He also contended that there had been a change of circumstances because he was remarried, he had

3

two additional children with his current wife, and he believed that plaintiff's income had increased.

Plaintiff opposed defendant's motion and cross-moved to compel defendant to pay over $16,000 for an alleged underpayment of child support, to pay his share of the oldest daughter's college expenses, and to pay her attorney's fees. Plaintiff confirmed that the oldest daughter had graduated from Rutgers in May 2016. She also certified that the daughter's total tuition was just over $102,000, the daughter had received $15,287 in scholarships and grants, and the daughter had incurred just over $72,800 in loans. Plaintiff also certified that as of January 2019, she had paid just over $13,800 of the daughter's tuition and the balances on the daughter's loans were approximately $57,000. Plaintiff also certified that she had discussed college expenses with defendant before and while the oldest daughter was attending Rutgers, but defendant refused to cosign for any loans or provide any financial assistance.

In response to defendant's motion, plaintiff certified that the parties had entered into a consent order dated January 17, 2017. She attached a copy of that order, which had been entered in Bergen County. The order stated:

> With the consent of both parties, [the oldest daughter] is emancipated effective August 31, 2016. Child support for the remaining minor child . . . is to continue at a rate of $304.00 per week effective August 31, 2016. Both parties consent to

A-3726-18T1

set arrears at a zero balance effective 11/03/2016.  Probation to adjust the account accordingly.

Defendant, in reply, submitted a certification disputing facts raised by plaintiff.  Regarding the January 17, 2017 consent order, defendant certified that he had never seen that order.  Specifically, he stated:

> I have never seen this order.  The representations contained in paragraph twenty-three that I consented to certain provisions of this Order are untrue.
>
>     . . . .
>
> I can attest to this court however that I had no knowledge of this purported Order, did not participate in the same, and until this application was made, I never saw this order.

In opposition to plaintiff's cross-motion for college expenses, defendant certified that there had been limited discussions about the daughter's college plans and that he had informed plaintiff that he could not afford to pay for college and, thereafter, plaintiff had not requested him to contribute to the college expenses.  Defendant also contended that plaintiff should be barred under principles of laches and equitable estoppel from seeking college expenses that had been incurred more than seven years prior to her cross-motion.  Finally, defendant contended that a comparison of his income to plaintiff's income demonstrated that he could not pay for the oldest daughter's college expenses.

5

Without conducting a hearing or hearing oral argument, the family court denied defendant's motion and granted, in part, plaintiff's motion. Specifically, in an order dated February 15, 2019, the family court (1) denied defendant's request to retroactively emancipate the oldest daughter, finding that she had been emancipated on August 31, 2016, by the January 17, 2017 consent order; (2) denied defendant's request to retroactively reduce his child support; (3) granted plaintiff's request for college expenses; and (4) ordered defendant to pay $43,375.48 of the oldest daughter's college expenses. The order stated that defendant was to make the payment for college expenses within 180 days of February 15, 2019. The family court also denied plaintiff's request to compel defendant to pay the alleged underpayment of child support and her attorney's fees.

The court explained the reasons for its ruling in a written statement attached to its order. With regard to defendant's motion, the court noted that the January 17, 2017 order was issued in Bergen County, and without resolving any of the disputed issues, accepted that order as a binding court order. In addressing plaintiff's request for college expenses, the court accepted plaintiff's assertions set forth in her certification, the court then looked at the parties' incomes in 2018, as reflected in the Case Information Statements submitted by the parties,

and found that defendant's gross income was just over $124,800 and plaintiff's gross income was just over $128,500. Thus, the court found that it was appropriate to direct that the parties equally share the college expenses. Based on the submissions from plaintiff, the court found that the total tuition expenses for the oldest daughter were $102,037.95, but the daughter had received scholarships and grants in the amount of $15,287, and therefore each of the parents was responsible for $43,375.48.

Defendant moved for reconsideration and submitted a certification augmenting his contentions that he was not aware of the January 17, 2017 consent order and disputing his obligations to pay for the oldest daughter's college expenses. Again, without holding a hearing or hearing oral argument, the family court denied that motion in an order dated April 12, 2019. The court again issued a written statement of reasons in support of its ruling.

## II.

Defendant now appeals from the provisions of the February 15, 2019 order denying his motion. He also appeals from the provisions of the April 12, 2019 order denying his motion for reconsideration. He asserts eight arguments that can be distilled into two basic points. First, he contends that he was entitled to a plenary hearing. Second, he contends that the family court did not conduct the

A-3726-18T1

appropriate analysis in determining his share of the oldest daughter's college expenses and did not consider his inability to pay those expenses, particularly within the 180 days ordered by the family court. Given the disputed facts set forth in the parties' certifications, we remand this matter so the family court can hold an appropriate plenary hearing.

While we normally give substantial deference to a family court's determinations concerning contributions for college expenses, we owe no such deference, if there are disputed issues of fact and the court conducts no evidentiary hearing. Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 588 (App. Div. 2016); Gottlib v. Gottlib, 399 N.J. Super. 295, 308-09 (App. Div. 2008). We apply contract principles to the interpretation of a PSA and, accordingly, review those issues de novo. Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007).

Initially, it is helpful to identify the issues on appeal. Defendant has appealed from the portions of the orders denying the request to retroactively change his child support obligations. He also disputes the provisions of the orders requiring him to pay just over $43,000 in college expenses for the oldest daughter. Plaintiff did not file a cross-appeal so none of her requests for relief are being challenged. Moreover, in their briefs the parties both agree that the

A-3726-18T1

second daughter is now emancipated and there are no disputes concerning any costs incurred for her post-high school education or training.

Resolution of defendant's request to retroactively change his child support obligations and resolution of plaintiff's request for college expenses both involve disputed issues of material fact. The issue concerning child support is relatively narrow. Plaintiff relies on the January 17, 2017 consent order. Defendant disputes that the order is a viable order. Accordingly, the family court simply needs to hold a short hearing to determine whether the January 17, 2017 consent order was entered and whether it is enforceable. The parties' divorce and their motions were filed in Sussex County. No one explains in the current record why the January 17, 2017 order was entered in Bergen County. In that regard, we note that the Bergen County order contains the Sussex County docket number. More particularly, the family court needs to hold a short hearing to confirm that the order was entered and to assess defendant's credibility in his denial of knowledge of that order.

In remanding this matter, we note that normally a court would not need a hearing to verify a court order. Here, however, the family court itself acknowledged that it had no knowledge of the January 17, 2017 consent order

9

and therefore the order cannot simply be accepted as a valid and enforceable court order.

In remanding this matter, we express no view on whether defendant may be entitled to a retroactive adjustment in child support if the court finds that the January 17, 2017 order is not a binding order. New Jersey generally prohibits retroactive modifications of existing child support orders to a date prior to the filing date of a motion for such relief, or forty-five days earlier upon written notice. N.J.S.A. 2A:17-56.23(a). Nevertheless, we have previously held that the anti-retroactivity statute does not prevent a retroactive termination of child support when a child is retroactively emancipated. See Bowens v. Bowens, 286 N.J. Super. 70, 73 (App. Div. 1995) (permitting retroactive emancipation and termination of child support where an obligor sought a retroactive cancelation of unpaid arrears following the date of emancipation); see also Mahoney v. Pennell, 285 N.J. Super. 638, 643 (App. Div. 1995) (emancipating and terminating child support for two children two years apart in age, with each emancipation effective retroactive to each child's eighteenth birthday and holding "[w]here there is no longer a duty of support by virtue of a judicial declaration of emancipation, no child support can become due"). There are also issues of fairness and equity to be considered in determining whether defendant

10                                                                 A-3726-18T1

is entitled to modification of a previously paid child support obligation. See Harrington v. Harrington, 446 N.J. Super. 399, 411 (Ch. Div. 2016).

Turning to the college expenses, there are several issues in dispute. First, defendant contests whether he was fully informed of the plans of the oldest daughter to attend college and how college expenses were going to be paid. Second, he certifies that he informed plaintiff that he would not have the financial ability to pay for any of the oldest daughter's college expenses and thereafter plaintiff never sought any contributions from him. While plaintiff clearly disputes both of those points, those material issues need to be addressed at an evidentiary hearing.

The family court also needs to evaluate the appropriate factors in apportioning the child's college expenses. See Newburgh v. Arrigo, 88 N.J. 529, 545 (1982); N.J.S.A. 2A:34-23(a). The family court did not balance all the factors identified in Newburgh and it needs to do so considering the disputed issues. See Gac v. Gac, 186 N.J. 535, 543-45 (2006).

Moreover, in determining defendant's obligation to pay college expenses the court, consistent with the parties' PSA, will need to look at the parties' respective incomes "at that time." In other words, the court will need to look at the parties' incomes in 2012 through 2016. In the order entered on February 15,

2019, the family court relied on the parties' incomes as of 2018. Accordingly, the parties will need to submit evidence of their income in each of the years during which their daughter attended Rutgers University and the family court will then need to make an appropriate determination using those income levels.

Finally, we note that the court continues to have substantial discretion in terms of controlling the exchange of information in connection with the plenary hearing and the scope of that hearing. As already discussed, some of the issues do not appear to require a lengthy or detailed hearing.

In summary, we vacate paragraphs one, two, and five of the February 15, 2019 order and paragraph one of the April 12, 2019 order. We remand for a plenary hearing.

Vacated and remanded consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3726-18T1