285 N.J. Super. 638 (1995)
667 A.2d 1119
JANE MAHONEY, PLAINTIFF-RESPONDENT,
v.
ROBERT PENNELL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 29, 1995.
Decided December 20, 1995.
*639 Before Judges SHEBELL, STERN and NEWMAN.
Taylor, Denker & Boguski, attorneys for appellant (Michael T. Taylor, of counsel and on the brief).
Susan R. Dargay, attorney for respondent.
The opinion of the court was delivered by NEWMAN, J.A.D.
This appeal raises the issue of whether N.J.S.A. 2A:17-56.23a, which bars retroactive modification of child support arrearages, applies to a retroactive termination of the support obligation based on the emancipation of the child where the date of emancipation occurs after the statute's effective date. We conclude that N.J.S.A. 2A:17-56.23a does not act as a bar and reverse.
Plaintiff Jane Mahoney and defendant Robert Pennell were divorced on April 4, 1977. Two children were born of the marriage. Keith Pennell was born on May 5, 1972 and Kevin Pennell was born on January 7, 1974. According to the final judgment of divorce, plaintiff was awarded custody of the children. That judgment further required defendant to pay $60 per week for support of the two children. In 1986, plaintiff brought an application to enforce litigant's rights for non-payment of child support and for an increase in the amount of that support. On September 11, 1986, an order was entered finding defendant $7,885.00 in arrears as of that date, granting an increase in child support to $90 per week on an allocable basis of $45 per child plus $10 per week payment toward arrears, totalling $100 per week payable through the Camden County Probation Department.
*640 Plaintiff made other attempts over the ensuing years to enforce the court's order of child support due to sporadic payments by defendant. No increase in child support was, however, sought after 1986. On May 5, 1990, Keith turned 18. In June of 1990, defendant sent a letter to the Camden County Probation Department requesting that they confirm he was only then obligated to pay child support for his younger son Kevin. Defendant did not receive any response. Keith enrolled in Farleigh Dickinson University and attended college for two semesters. He then dropped out, lived with his grandmother in Manahawkin and worked in a restaurant. In the spring, 1992, Keith enlisted in the United States Navy. In June or July, 1993, he was discharged from the military. Keith moved to San Diego, California where he has resumed his college education as a full-time college student at San Diego Community College, taking 14 credits. He works part-time in a coffee shop to help pay his living and school expenses.
On January 7, 1992, Kevin turned 18. He graduated from Triton High School in June, 1992. Following graduation, Kevin began working full-time for Conamater Corporation. He continued living with plaintiff, paying her room and board in the amount of $140 per month. Following Kevin's graduation, defendant wrote to the Camden County Probation Department, advising them that Kevin had turned 18, that he was employed full-time and that, as the father, was no longer responsible for his support. Defendant received no response from the Probation Department.
On June 21, 1994, defendant, having been notified of substantial support arrearages, filed a notice of motion to terminate child support retroactively to the dates of each of his children's 18th birthdays. That motion was heard on July 29, 1994 and denied without prejudice. The motion judge did terminate defendant's support obligation, emancipating Keith and Kevin as of the date the motion was heard. Defendant was placed on strict probation regarding the arrears. The Probation Department was directed to conduct an audit to determine the exact amount of those *641 arrearages. Defendant was ordered to pay $60 per week towards the outstanding arrearages.
Defendant filed a motion for reconsideration. Plaintiff cross-moved, seeking reconsideration of the court's order emancipating Keith, who was then a full-time college student and for other relief not relevant here. Defendant's motion for reconsideration of retroactive modification of child support to the children's 18th birthdays was denied. Likewise, the motion judge denied plaintiff's cross-motion to unemancipate Keith. The order of July 29, 1994, which included strict probation supervision of defendant, was continued. In denying reconsideration to the request to eliminate retroactively the child support arrearages to the dates of Keith and Kevin's emancipation, the court concluded that N.J.S.A. 2A:17-56.23a precluded such relief.
On appeal, defendant argues that the trial court erred in concluding that N.J.S.A. 2A:17-56.23a precludes retroactive termination of child support where the children were emancipated. He contends that the statute only precludes retroactive modification of child support, but does not bar retroactive termination of the support obligation, thus rendering the statute inapplicable. In the alternative, defendant argues even if termination is included within modification, the legislature did not intend to bar termination of child support retroactively after the time the child became emancipated. Defendant asserts that the parent's duty to support a child ceases on emancipation. Each of the children was in fact emancipated prior to the filing of the motion to terminate child support. In the one case, the motion judge noted that Keith's emancipation occurred in the spring, 1992 when he enlisted in the United States Navy and Kevin's emancipation occurred when he graduated high school in 1992 and went to work full-time. We are urged to reverse the trial judge's ruling and permit retroactive termination of support, including the cancellation of child support arrearages.
N.J.S.A. 2A:17-56.23a in its original form provided in pertinent part:

*642 No payment or installment of an order for child support, or those portions of an order which are allocated for child support, shall be retroactively modified by the court except for the period during which the party seeking relief has pending an application for modification, but only from the date of mailing the notice of motion to the court or from the date of mailing written notice to the other party, either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred....
This statute, enacted on August 22, 1988 and made effective 90 days later, was designed to comply with federal legislation, the Omnibus Budget Reconciliation Act of 1986, P.L. 99-509, 100 Stat. 1984 to 2078, codified at 42 U.S.C.A. § 666(a)(9)(C). The federal law provides that, as a condition of receiving federal funding for collection of child support arrearages, states must conform with various federal standards governing child support. Those requirements include that child support obligations may not be subject to retroactive modification on and after the date that they are due. 42 U.S.C.A. § 666(a)(9)(C).
In Ohlhoff v. Ohlhoff, 246 N.J. Super. 1, 586 A.2d 839 (App.Div. 1991), we addressed the retroactivity of N.J.S.A. 2A:17-56.23a, and concluded that the statutory provision represented a significant change in New Jersey practice where retroactive modification of support and vacation of arrearages on equitable principles were long permitted, and therefore applied the statute prospectively. Only child support which became due after the effective date of November 20, 1988 was to be affected. Ohlhoff v. Ohlhoff, supra, 246 N.J. Super. at 10-11, 586 A.2d 839.
Subsequently the Legislature amended N.J.S.A. 2A:17-56.23a to make its prohibition on retroactive modification of child support apply to child support payments that become due both before and after the effective date of the amendment, February 18, 1993. The statute as amended, with the additions underlined, reads as follows:
No payment or installment of an order for child support, or those portions of an order for child support established prior to or subsequent to the effective date of P.L. 1993, c. 45 (c. 2A:17-56.23a), shall be retroactively modified by the court except [(portion deleted here)] with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was *643 mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred....
The amendment thus superseded Ohlhoff's holding that the statute does not prohibit the elimination of arrearages that accrued before the effective date of the statute.
N.J.S.A. 2A:17-56.23a was enacted to insure that ongoing support obligations that became due were paid. A change of circumstances, such as loss of a job, could, therefore, not be used as a basis to modify retroactively arrearages which already accrued under a child support order. Implicit, however, in the judicial obligation to enforce the terms of a child support order is the underlying premise that a duty to support exists. Where there is no longer a duty of support by virtue of a judicial declaration of emancipation, no child support can become due. See, Thorson v. Thorson, 241 N.J. Super. 10, 11, 574 A.2d 53 (Ch.Div. 1989) (child support arrears eliminated despite N.J.S.A. 2A:17-56.23a because child support obligation terminated upon the emancipation of the child in accordance with the terms of the judgment of divorce). Thus, we cannot ascribe to this legislation, nor do we find any indication that the legislature so intended, to bar termination of child support retroactively to the time a child became emancipated.
We also recognize that emancipation does not automatically take place at age 18. "Whether a child is emancipated at age 18, with the correlative termination of the right to parental support, depends on the facts of each case". Newburgh v. Arrigo, 88 N.J. 529, 543, 443 A.2d 1031 (1982). It remains the ultimate responsibility of the judiciary to address the fact sensitive issue of emancipation when presented. We hold, therefore, that N.J.S.A. 2A:17-56.23a does not bar the cancellation of child support arrearages which accrued subsequent to the date of the minor's emancipation as retroactively determined by the court. See, Guzman v. Guzman, 175 Ariz. 183, 854 P.2d 1169 (Ct.App. 1993) (Statutory bar of no retroactive modification of support continued through high school even where minor attained majority prior to graduation. *644 Retroactive cancellation of support payments for a minor emancipated by marriage before high school graduation was not barred by the statute.)
Reversed and remanded for entry of an appropriate order consistent with this opinion.