**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0255-17T2

R.F.,

      Plaintiff- Respondent,

v.

J.S.

      Defendant-Appellant.

_____

      Submitted November 29, 2018 – Decided June 13, 2019

      Before Judges Whipple and DeAlmeida.

      On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Warren County, Docket No. FM-21-0032-01.

      J.S., appellant pro se.

      R.F., respondent pro se.

PER CURIAM

      Defendant J.S. (Father) appeals from the August 4, 2017 order of the

Family Part reducing plaintiff R.F.'s (Mother) child support arrearage to account

for $5000 in attorney's fees Father was ordered to pay Mother, and denying Father's cross-motion to adjourn Mother's motion or, in the alternative, to enter an order establishing a payment plan for the $5000. We affirm in part, reverse in part, and remand for entry of an order directing Father to pay $5000 to Mother by a date certain.

I.

Mother and Father were divorced in 2001. They are the parents of one child. Initially, Mother was the primary caretaker, and Father had a child support obligation to Mother. In 2014, the child had a falling out with Mother, left her home, and moved in with Father. This change in circumstances resulted in the parties seeking judicial resolution of a number of issues, including child support.

Before these issues were resolved, the trial court, on August 30, 2016, ordered Father to pay Mother $5000 in attorney's fees because of his bad faith. To date, that payment has not been made. On January 5, 2017, the trial court ordered Mother to make child support payments of $159 a week to Father to be paid through wage garnishment and found that Mother had child support arrears of $15,631, which accumulated while the child support issue was pending, to be paid at $50 a week through wage garnishment until satisfied.

A-0255-17T2

On or about July 6, 2017, Mother moved to enforce litigant's rights, requesting that the trial court reduce her child support arrearage by $5000 to account for Father's unpaid attorney's fees obligation. Mother's notice of motion, which requests oral argument, listed August 4, 2017 at 9:00 a.m. as the return date and time of her motion.

Father opposed the motion and cross-moved for an order: (1) compelling Mother to provide proof that she had actually paid the fees to her attorney; (2) delaying resolution of Mother's motion to accommodate his vacation schedule and to allow the parties to resolve their respective obligations for what he alleged were outstanding medical and extracurricular activities expenses incurred from 2014 through June 2017; or, in the alternative, (3) instituting an installment payment plan in which Father would pay Mother $100 a month until his $5000 attorney's fee obligation was satisfied. Father's notice of cross-motion, which requests oral argument, lists August 4, 2017, at 9:00 a.m., as the return date and time of the cross-motion.

On August 4, 2017, the date which both Mother and Father designated as the return date of their motions, the trial court heard the motions. Mother appeared; Father did not. The court stated on the record that it intended to grant Mother's motion. In addition, the court stated about Father: "[h]e's made a

motion for some unspecified or really vague reimbursement. So those may or may not be legitimate, it's hard to tell. So, we're [going to] deny that application without prejudice . . . so he may take another stab at that[.]"

In a written statement of reasons issued that day, the trial court found that Mother had paid her attorney for the services she received, and that Father's obligation to pay $5000 in attorney's fees remained outstanding. In addition, the court concluded that Mother was $6926 in arrears on her child support obligation and that her request for a reduction in her child support arrears of $5000 to account for Father's outstanding attorney's fees obligation was reasonable. The court granted Mother's motion.

The court also found that Father's request to delay resolution of Mother's motion unreasonable because he had initially made a motion with respect to the alleged expenses more than a year earlier and that motion had been denied without prejudice. The court concluded that despite having had ample time to compile the necessary evidence since the denial of his prior motion, Father had not produced "any proofs, documentation, paid bills or the parties Property Settlement Agreement, to substantiate his claims." Thus, the trial court denied Father's cross-motion to delay Mother's motion with prejudice. An August 4, 2017 order memorializes the trial court's decision.

A-0255-17T2

This appeal followed. Father raises the following issues for our consideration:

POINT I

SCOPE OF REVIEW

POINT II

THE TRIAL COURT COMMITTED AN ERROR UPON ENTERING A WRITTEN ORDER DENYING THE APPELLANT'S REQUEST FOR RELIEF WITH PREJUDICE DESPITE THE ORAL DECISION OF THE TRIAL JUDGE DENYING SAME WITHOUT PREJUDICE, THUS THE ORDER SHALL BE REVERSED.

POINT III

THE APPELLANT [SIC] RIGHT TO DUE PROCESS WAS VIOLATED WHEN THE COURT FAILED TO GIVE NOTICE AND OPPORTUNITY OF THE [SIC] ORAL ARGUMENT, THUS DEPRIVING HIM THE RIGHT TO BE HEARD.

POINT IV

THE RELEVANT LAW INDICATES THAT CHILD SUPPORT BELONGS TO THE CHILD, THUS IT CANNOT BE OFF-SET BY AN AWARD OF ATTORNEY'S FEES.

II.

"[O]ur review of the Family Part's determinations regarding child support is limited." Avelino-Catabran v. Catabran, 445 N.J. Super. 574, 587 (App. Div.

5

2016). "Because of the family courts' special jurisdiction and expertise in family matters, appellate courts should accord deference to family court factfinding." Cesare v. Cesare, 154 N.J. 394, 413 (1998). "We 'do not disturb the factual findings and legal conclusions of the [motion] judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Catabran, 445 N.J. Super. at 587 (alteration in original) (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). While deference is accorded to the trial court as to factfinding, its "legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review." Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Manalapan Realty, LP v. Twp. Comm., 140 N.J. 366, 378 (1995)). "The Family Part's 'substantial discretion' in determining child support applies equally to compelling a parent to contribute to their child's . . . expenses." Catabran, 445 N.J. Super. at 588 (citing Gotlib v. Gotlib, 399 N.J. Super. 295, 308 (App. Div. 2008)).

We begin with Father's argument that he was not notified that the court would hold oral argument on the motion and cross-motion. Rule 1:6-2 and Rule 5:5-4 apply to the scheduling of motions in Family Part matters. Under those

Rules, oral argument should ordinarily be granted when requested by a party. S.M. v. K.M., 433 N.J. Super. 552, 557 n.5 (App. Div. 2013). Here, both Mother and Father requested oral argument on their respective motions. The trial court honored those requests and held argument on the date that both Mother and Father indicated on their respective notices of motion.

Father argues that the trial court failed to provide additional notice to him that argument would be held on that date. However, having been notified of the return date of Mother's motion, and having selected the same date as the return date of his cross-motion, Father had an obligation to either appear on that date, or inquire with the court with respect to whether oral argument had been denied or rescheduled. We find no error on the part of the trial court.

With respect to the trial court's decision denying Father's cross-motion, we disagree with Father's argument that there is an inconsistency between the trial court's oral statements on the return date of the cross-motion and its written statement of reasons and order. It is well established that "appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Hayes v. Delamotte, 231 N.J. 373, 387 (2018) (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001)). However, "[w]here there is a conflict between a

judge's written or oral opinion and a subsequent written order, the former controls." Taylor v. Int'l Maytex Tank Terminal Corp., 355 N.J. Super. 482, 498 (App. Div. 2002).

The trial court stated from the bench that Father had previously moved for reimbursement of various child-related expenses. The court noted that the validity of Father's request for reimbursement was unclear because he produced no evidence in support of his prior motion. Although the court stated that it intended to deny Father's reimbursement application without prejudice, it is clear from the record that Father did not cross-move for reimbursement of any expenses. He cross-moved only to delay resolution of Mother's motion to afford the parties an opportunity to resolve the expense issue without judicial intervention. Thus, the trial court's statement of reasons and order denying Father's cross-motion with prejudice address only the relief Father sought in the cross-motion, specifically the delay of Mother's motion, which the court consistently stated would be denied with prejudice.

We find no fault in the substantive basis for the trial court's decision not to delay resolution of Mother's motion. As the trial court noted, Father was ordered to pay Mother $5000 in 2016. He did not comply with that order on the grounds that he needed proof that Mother had paid her attorney, the order did

8

not include a date by which he was to make the payment, and that other expenses unrelated to the $5000 were unresolved. "The trial court's decision to grant or deny an adjournment is reviewed under an abuse of discretion standard." State ex rel. Com'r of Transp. v. Shalom Money St., LLC, 432 N.J. Super. 1, 7 (App. Div. 2013). The trial court acted well within its discretion in denying Father's cross-motion to delay Mother's motion.

We also disagree with Father's argument that the trial court's grant of Mother's motion was contrary to N.J.S.A. 2A:17-56.23a. That statute provides that "[n]o payment or installment of an order for child support . . . . shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification." N.J.S.A. 2A:17-56.23a. The statute "was designed to comply with" the federal Omnibus Budget Reconciliation Act of 1986, 42 U.S.C. §§ 666(a)(9)(C), which mandates that "as a condition of receiving federal funding for collection of child support arrearages, states must conform with various federal standards governing child support." Bowens v. Bowens, 286 N.J. Super. 70, 71 (App. Div. 1995). "Those requirements include that child support obligations may not be subject to retroactive modification on and after the date that they are due." Mahoney v. Pennell, 285 N.J. Super. 638, 642 (App. Div. 1995).

The purpose of the provision is to ensure "that ongoing support obligations that became due were paid." Id. at 643. Thus, for example, "[a] change of circumstances, such as loss of a job, could . . . not be used as a basis to modify retroactively arrearages which already accrued under a child support order." Ibid. The statute, however, does not preclude application of a credit against child support arrears in limited circumstances. See Diehl v. Diehl, 389 N.J. Super. 443, 449 (App. Div. 2006) (applying credit to child support arrears that accumulated contemporaneously with social security disability benefits paid to a child).

The trial court's order does not retroactively reduce Mother's child support obligation or retroactively reduce her child support arrearages. The court instead applied a credit to Mother's arrearages for Father's unpaid obligation to pay her attorney's fees. While we do not see the order as falling within the express language of N.J.S.A. 2A:17-56.23a, we conclude that the reduction of Mother's child support arrearage violates the intention of the statute. Father's obligation to pay Mother $5000 is unrelated to the support of their child. It represents a sanction for Father's bad faith and is intended to relieve Mother of a portion of the attorney's fees she incurred in judicial proceedings in which Father's bad faith was manifested. Unlike the circumstances presented in Diehl,

10

the reduction in Mother's child support arrearages did not compensate for the child's receipt of a separate source of income to provide for her care, thereby reducing the obligor parent's child support obligation.  It was error for the trial court to apply Father's unpaid, and unrelated attorney's fees obligation as a credit to Mother's child support arrears.  We therefore reverse the trial court order reducing Mother's child support arrearage.

We in no way suggest, however, that the trial court is powerless to enforce its order to compel Father to pay Mother $5000 in attorney's fees.  Several years have passed since that sanction was imposed, without any effort by Father to comply with the court's order.  Mother is entitled to relief in aid of litigant's rights with respect to the attorney's fees order.  We therefore remand this matter to the trial court to address Mother's motion to enforce litigant's rights.

Affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0255-17T2