**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2004-18T2

JODIE A. CERTO,

     Plaintiff-Appellant,

v.

ANTHONY C. CERTO,

     Defendant-Respondent.

_____

Argued telephonically June 1, 2020 –
Decided September 11, 2020

Before Judges Moynihan and Mitterhoff.

On appeal from the Superior Court of New Jersey,
Chancery Division, Family Part, Mercer County,
Docket No. FM-11-1025-05.

David Perry Davis, attorney for appellant.[1]

Stephanie Jill Zane argued the cause for respondent
(Archer & Greiner, PC, attorneys; Stephanie Jill Zane,
of counsel and on the brief).

---

[1] Plaintiff's attorney passed away prior to oral argument, and plaintiff did not appear.

PER CURIAM

In this post-judgment matrimonial matter, plaintiff Jodie A. Certo appeals from a January 2, 2019 order that, in part, denied her requests to extend defendant Anthony C. Certo's limited duration alimony obligation and compel defendant to pay child support arrears. After plaintiff developed health problems, she moved to extend the duration of alimony, asserting she was entitled to relief under Rule 4:50-1 and N.J.S.A. 2A:34-23(c). She also sought payment for child support arrears, as several years after the parties' divorce, defendant unilaterally began paying reduced child support without seeking a court order, after the parties' son began living with him.

In declining to extend the duration of alimony, the judge concluded that plaintiff failed to demonstrate relief was warranted under Rule 4:50-1. As to the issue of child support, he determined that because defendant incurred substantial expenses to care for the parties' son in addition to paying part of the child support, it would be inequitable to require him to pay the balance of the child support obligation. Having reviewed the record and in light of the applicable law, we conclude that when considering the alimony issue, the judge neglected to consider and make findings concerning plaintiff's alternative request for relief under N.J.S.A. 2A:34-23(c). Accordingly, we remand to allow the judge to

2

make findings under the statute. Additionally, we reverse the judge's decision denying plaintiff child support arrears.

We discern the following facts from the record. Plaintiff and defendant were married on October 11, 1992. Two children were born of the marriage: a son, born in 1993, and a daughter, born in 2000. During the marriage, defendant worked outside the home, while plaintiff cared for the children, both of whom had health needs requiring special attention.

Plaintiff filed for divorce on January 9, 2004. The marriage was formally dissolved pursuant to a dual final judgment of divorce (JOD) dated February 28, 2006, which incorporated a comprehensive property settlement agreement (PSA) dated November 30, 2005 and effective January 1, 2006. The PSA required defendant to pay limited duration alimony of $2515 per month for twelve years, with the term expiring in January 2018. The PSA included an anti-Lepis[2] provision, providing that "this term cannot be extended under any circumstances, despite any possible changed circumstances, any right, claim or entitlement each may have or in the future acquire, to receive alimony from the other." The PSA further provided that alimony could not be modified after plaintiff obtained employment, and neither party would be entitled to

_____

[2] Lepis v. Lepis, 83 N.J. 139 (1980).

modification, regardless of a change in income, unless defendant lost his job. Plaintiff later explained she did not seek permanent alimony because she planned to pursue a career that would allow her to become self-sufficient. In terms of child support, the PSA required defendant to pay $2000 per month, terminating upon the children's emancipation.

After the divorce, plaintiff attended Mercer County Community College and graduated as a radiologic technologist. Thereafter, she began working at Capital Health Center at Hamilton. Plaintiff was optimistic about building her career, but her plans changed in 2008, when she was diagnosed with Progressive Systemic Sclerosis (PSS), a condition involving excess calcium buildup in the joints and hardening of the skin and tissue. Plaintiff certified that she was subsequently diagnosed with Raynaud's disease and then suffered from several other health problems, including Fibromyalgia, which were believed to be related to her PSS diagnosis. Since her PSS diagnosis, plaintiff has been out of work. Early on, she began working toward obtaining a psychology degree, believing the profession would require fewer physical demands, but her pain and limited movement abilities prevented her from achieving the necessary degree.

Meanwhile, during 2012, the couple's son moved in with defendant. In December 2012, defendant began making monthly child support payments of

$1700, and in either January 2015 or January 2016, he began making even further reduced monthly payments of $1000. Defendant reasoned that lower child support was warranted as he was then supporting the son, which included paying significant medical expenses, and he did not seek contribution from plaintiff. However, none of these reductions were pursuant to court order. Plaintiff later explained that she had accepted the lower payments because she was unaware that the reductions were improper. Subsequently, her counsel contacted defendant and requested that he comply with the PSA's child support terms. Defendant agreed, and on January 10, 2018, he wrote plaintiff a check for $26,020.[3]

On November 8, 2018, plaintiff filed a motion to reopen the JOD and extend the duration of alimony, pursuant to Rule 4:50-1, N.J.S.A. 2A:34-23(c) or on the grounds that enforcing the PSA would be unconscionable under the circumstances. Plaintiff asserted that the development of health problems post-divorce constituted unusual circumstances warranting an extension of alimony,

---

[3] Based on the reduction to $1700 and the subsequent reduction to $1000, which defendant asserts occurred in January 2016, the payments from December 2012 through January 2018 resulted in an underpayment of $36,100. However, defendant claimed he had been overpaying alimony by $70 per month for twelve years, so he offset the underpayment by that amount.

A-2004-18T2

especially since she did not qualify for social security disability or supplemental security income. She further asserted that enforcement of the anti-Lepis provision would be unconscionable, given the severity of her health problems.

In addition to modifying the alimony obligation, plaintiff sought to compel defendant to pay child support arrears to remedy the improper reductions, although she acknowledged that defendant was entitled to a credit for the $26,020 payment. Plaintiff disputed that defendant overpaid alimony, explaining that the extra $70 per month covered her medical insurance, which defendant was required to pay for three years and continued to pay thereafter to allow plaintiff to maintain her coverage.

The parties appeared for oral argument on December 14, 2018. On January 2, 2019, the judge denied plaintiff's request to extend the duration of alimony, addressing only her Rule 4:50-1 argument. The judge explained that the only subsection of the Rule under which plaintiff could have timely sought relief was subsection (f), providing relief under exceptional circumstances. However, plaintiff's substantial reliance on hearsay medical records provided "minimal evidential value and [did] not substantiate plaintiff's asserted inability to work based on a debilitating medical condition." Further, she provided no evidence establishing whether or not she had PSS at the time of the divorce, and

"[s]he ha[d] no determination of medical disability." The judge did not consider plaintiff's alternative basis for relief, under N.J.S.A. 2A:34-23(c), believing that the statute was not in effect when the parties executed their PSA.

The judge also denied plaintiff relief as to the child support arrears. He noted that the issue of whether alimony overpayments could offset child support underpayments was a close question and stated that "[a]s a general concept, the [c]ourt agrees with plaintiff's arguments." However, in reaching his decision, the judge considered the substantial support defendant provided to the parties' son in recent years, without seeking contribution from plaintiff. This appeal ensued.

On appeal, plaintiff contends that the judge erred in declining to extend the duration of defendant's alimony obligation because plaintiff established unusual circumstances as required under N.J.S.A. 2A:34-23(c), and the PSA's anti-Lepis provision was unconscionable.[4] She further contends that the judge erred in declining to compel defendant to pay child support arrears. Alternatively, she requests that we remand for a plenary hearing before a different judge to resolve these issues.

---

[4] In her appellate brief, plaintiff admits she does not challenge the denial of her motion under Rule 4:50-1. She does, however, challenge the absence of any discussion of the other two bases for her motion.

A-2004-18T2

Our review of a Family Part judge's factual findings is limited "[b]ecause of the family courts' special jurisdiction and expertise in family matters." <u>Cesare v. Cesare</u>, 154 N.J. 394, 413 (1998). Such findings "are binding on appeal when supported by adequate, substantial, credible evidence." <u>Id.</u> at 411-12. We will reverse only if those findings "are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." <u>Id.</u> at 412 (quoting <u>Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am.</u>, 65 N.J. 474, 484 (1974)). However, we afford no deference to the judge's interpretation of the law. <u>D.W. v. R.W.</u>, 212 N.J. 232, 245 (2012).

In New Jersey, settlement of matrimonial disputes "is encouraged and highly valued," <u>Quinn v. Quinn</u>, 225 N.J. 34, 44 (2016), and such settlements are accorded "prominence and weight," <u>Konzelman v. Konzelman</u>, 158 N.J. 185, 193 (1999). "[F]air and definitive arrangements arrived at by mutual consent should not be unnecessarily or lightly disturbed." <u>Quinn</u>, 225 N.J. at 44 (quoting <u>Konzelman</u>, 158 N.J. at 193-94). Nevertheless, courts may modify support terms upon a showing of changed circumstances, <u>see</u> <u>Lepis</u>, 83 N.J. at 152-53, absent a reasonable anti-<u>Lepis</u> provision, <u>see</u> <u>Morris v. Morris</u>, 263 N.J. Super. 237, 245-46 (App. Div. 1993) (holding that anti-<u>Lepis</u> provisions are enforceable, but "[i]f circumstances have made the parties' standards

8

unreasonable, [the standards] can in extreme cases be modified"). Where

modification of the term of alimony is at issue, a heightened standard applies:

> An award of alimony for a limited duration may be modified based either upon changed circumstances, or upon the nonoccurrence of circumstances that the court found would occur at the time of the award. The court may modify the amount of such an award, but shall not modify the length of the term except in <u>unusual circumstances</u>.
>
> [N.J.S.A. 2A:34-23(c) (emphasis added).]

See <u>Gonzalez-Posse v. Ricciardulli</u>, 410 N.J. Super. 340, 356 (App. Div. 2009).

In the present matter, when addressing plaintiff's request for an extension

of the duration of alimony, the judge only considered whether relief could be

afforded under <u>Rule</u> 4:50-1, believing that the alimony statute was not in effect

when the parties executed the PSA. While it is true that the alimony statute has

been amended multiple times since then, the then-current statute provided for

the type of relief plaintiff seeks. Because the judge incorrectly determined that

the statute did not apply, we remand[5] for consideration of whether plaintiff's

post-divorce health problems constitute unusual circumstances warranting

---

[5] We decline to remand to a different judge, as plaintiff has not identified specific instances of bias, and we perceive none based on our review of the record. <u>See</u> <u>R.</u> 1:12-1(g); <u>Strahan v. Strahan</u>, 402 N.J. Super. 298, 318 (App. Div. 2008) ("Bias cannot be inferred from adverse rulings against a party.").

modification of the alimony term under N.J.S.A. 2A:34-23(c). On remand, the judge shall consider whether a plenary hearing is necessary to resolve this issue. See Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976).

As to the decision denying plaintiff's request for payment of child support arrears, we reverse. The anti-retroactive support statute provides that "[n]o payment or installment of an order for child support . . . shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification." N.J.S.A. 2A:17-56.23a. Courts may depart from this authority in limited circumstances. See Mahoney v. Pennell, 285 N.J. Super. 638, 643 (App. Div. 1995) (allowing retroactive termination of child support to the date of a child's emancipation). Here, while we understand the logic behind the judge's decision, defendant's unilateral reduction in child support did not comply with the statute, and he is therefore not entitled to relief.

To the extent we have not addressed the parties' remaining arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed in part, vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2004-18T2