## NOT FOR PUBLICATION WITHOUT THE
## APPROVAL OF THE APPELLATE DIVISION

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4172-18

SUZETTE COLON,

    Plaintiff-Respondent,

v.

DANNY COLON,

    Defendant-Appellant.

_____

        Submitted November 9, 2021- Decided June 24, 2022

        Before Judges Currier and Smith.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Passaic County, Docket No. FM-16-1598-07.

        Ziegler, Zemsky & Resnick, attorneys for appellant (Steven M. Resnick, of counsel and on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant Danny Colon appeals from a March 29, 2019 order which denied his motion to terminate his child support obligations and suspend collection of arrears. The order also compelled payment of arrears in the amount of $1,500 per month. Defendant asserts the trial court erred in its application of N.J.S.A. 2A:17-56.23a in only terminating child support as of the day he filed his motion and contends the effective date of the termination of child support should be June 1, 2018. Defendant also argues for the first time that the judge erred by ordering that defendant pay $1,500 per month towards remaining arrears because his inability to work prevented him from making further payments. We reject defendant's claims and affirm.

The parties married in 2001, had one child, Danny, Jr., and divorced in 2008. On October 27, 2008, the final judgment of divorce incorporated a Property Settlement Agreement (PSA) under which defendant was obligated to pay plaintiff child support in the amount of $4,000 per month for the initial three years following the divorce and $3,000 per month until the child reached the age of eighteen.

On January 29, 2019, defendant moved to terminate his child support obligation under the PSA, and vacate child support arrears retroactive to June 1,

2018, the date of his amyotrophic lateral sclerosis (ALS) diagnosis. [1]  He contended that he had lost his housing, had no source of income, and was unable to work because he suffered from ALS.  He stated that he unilaterally ceased paying child support when he discovered that he paid an additional two years beyond the term required by the PSA.  He also stated that he voluntarily paid his child's expenses for the first two years of college.  Consequently, he argued that the Passaic County Probation Department erroneously garnished his earnings from June 1, 2018 to the date of filing of the motion.  During that time, defendant's child support arrears accrued to approximately $33,000.

At the motion hearing, the judge queried both attorneys closely regarding the parties' submissions, including defendant's Case Information Statement, his incomplete bankruptcy petition, and a one paragraph letter from defendant's neurologist.  The judge entered an order partially granting and partially denying the requested relief.

Initially, the judge found defendant was not entitled to vacation of arrears accrued prior to the January 29, 2019 filing date of his motion.  He found that

---

[1]  ALS is a degenerative neuromuscular condition that causes the progressive degeneration of motor neurons in the brain and spinal cord.  As the motor neurons deteriorate, voluntary muscle action is progressively affected, including the ability to speak, eat, move, and breathe.  What Is ALS, ALS Ass'n, https://www.als.org/understanding-als/what-is-als (last visited June 10, 2020).

defendant provided "no explanation for the delay in seeking termination of his child support obligation following his ALS [diagnosis]," therefore he found N.J.S.A. 2A:17-56.23a barred the retroactive vacating of arrears.

The judge noted that any subsequent payments made by defendant after the child's eighteenth birthday were considered gift payments and therefore excluded in the child support calculus. After reviewing the conflicting and contradictory financials submitted by defendant, the judge then reduced defendant's child support arrears payment to $1,500 per month.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). As such, we will defer to the Family Part's factual findings and legal conclusions unless convinced they are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting

Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

Defendant argues the judge erred by finding N.J.S.A. 2A:17-56.23a barred the vacation of arrears prior to his filing date. N.J.S.A. 2A:17-56.23a prohibits retroactive modification of child support and child support arrearages. Keegan v. Keegan, 326 N.J. Super. 289, 293 (App. Div. 1999). The statute states:

> No payment or installment of an order for child support, or those portions of an order which are allocated for child support established prior to or subsequent to the effective date of [N.J.S.A. 2A:17-56.23a], shall be retroactively modified by the court except with respect to the period during which there is a pending application for modification, but only from the date the notice of motion was mailed either directly or through the appropriate agent. The written notice will state that a change of circumstances has occurred and a motion for modification of the order will be filed within 45 days. In the event a motion is not filed within the 45-day period, modification shall be permitted only from the date the motion is filed with the court.
>
> [N.J.S.A. 2A:17-56.23a.]

Pursuant to the statute, a court may retroactively modify one's child support obligation under an existing court order back to the filing date of an "application for modification," or forty-five days earlier upon service of advance

notice.  See Cameron v. Cameron, 440 N.J. Super. 158, 166 (Ch. Div. 2014).

The statute "was enacted to [ensure] that ongoing support obligations that

became due were paid."  Mahoney v. Pennell, 285 N.J. Super. 638, 643 (App.

Div. 1995).  Thus, for example, "[a] change of circumstances, such as loss of a

job, could . . . not be used as a basis to modify retroactively arrearages which

already accrued under a child support order."  Ibid.

Settled precedent establishes that a vacation or retroactive modification of

child support arrears prior to filing the motion is generally prohibited even if the

paying party suffers the loss of a job or lacks a stream of income.  See id. at 642.

We reject defendant's argument that Mahoney required the trial judge to grant

vacation of the support arrears retroactive to June 1, 2018.  Mahoney holds that

once a child's emancipation occurs, the underlying support obligation no longer

exists, and N.J.S.A. 2A:17-56.23a's limits on retroactive arrears vacation do not

apply.  That happened here.  However, the judge found that defendant

voluntarily continued support payments for at least two years after

emancipation.  With these "gift" support payments established, the judge next

found defendant failed to explain his delay in filing the motion to vacate arrears

more than six months after his ALS diagnosis.  We discern no abuse of discretion

6

by the Family Part judge in confining vacation of defendant's arrears to the date of his motion filing.

We turn to defendant's next argument, that the trial judge erred in ordering defendant to pay $1,500 per month toward his child support arrears. We have no obligation to address this argument on appeal where it was not raised before the trial court. Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Nevertheless, we are satisfied there was sufficient support in the record, including defendant's financial records, for the judge to render his determination.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4172-18