**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2289-20

F.C.,

 Plaintiff-Respondent,

v.

M.J.-B.,

 Defendant-Appellant.

_____

Submitted March 22, 2022 – Decided July 6, 2022

Before Judges DeAlmeida and Smith.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Essex County, Docket No. FD-07-3451-18.

Schwartz Barkin & Mitchell, attorneys for appellant (Gail J. Mitchell, on the briefs).

Courtney M. Gaccione, Essex County Counsel, attorney for respondent Essex County Division of Family Assistance and Benefits (Nicole Fisher, Assistant County Counsel, on the brief).

Respondent F.C. has not filed a brief.

PER CURIAM

After the trial court entered an order denying defendant M.J.-B.'s[1] motion to vacate a 2018 child support order, he appealed. He argues that relief from the child support award is appropriate under Rule 4:50-1(c) and (f), N.J.S.A. 2A:17-56.23a, and the equitable doctrines of laches and unjust enrichment because plaintiff F.C. fraudulently misrepresented his income at the 2018 hearing. We reject defendant's arguments and affirm.

I.

The parties were never married but have one child, S.B., who was born February 9, 2018. Shortly after S.B.'s birth, defendant moved to Florida while plaintiff resided in New Jersey.

On June 5, 2018, plaintiff filed a complaint for child support. A copy of the complaint was sent to defendant's address in Florida. The return date of plaintiff's child support application was originally August 1, 2018, but the court relisted it to September 17, 2018, due to interpreter unavailability. Defendant failed to appear on September 17, and also missed the hearing on October 26,

---

[1] We use fictitious names and initials to protect the identity of the parties and family members. R. 1:38-3(d).

2018.[2] At the hearing, the trial court took testimony from the plaintiff regarding defendant's occupation. The court learned that defendant was a contractor, and it imputed the median salary for contractors at that time, $138,000, to him. After imputing the income, the court entered a weekly child support order, dated October 26, 2018, against defendant in the amount of $299 per week.

Approximately sixteen months later, on February 11, 2020, defendant filed a motion to modify the child support order. Defendant attributed the delay in filing to his treatment from injuries he suffered in a car accident while living in Haiti. He also argued that general civil unrest in Haiti as well as passport issues delayed his return to the United States for more than a year, thereby contributing to delay.

After hearing testimony and other evidence, the court made findings. The court found defendant worked as an independent contractor for a courier service company, and he earned a gross income of $392 per week. The court reduced defendant's weekly child support obligation to $142 per week, plus $45 per week towards arrears. The court also found defendant still owed $41,014.88 in arrears.

---

[2] The record shows defendant received notice for both the postponed September 17 hearing as well as the October 26 hearing.

A-2289-20

The court rejected defendant's request to modify arrears accrued prior to his February 26, 2020, motion filing date. It found defendant was not entitled to any adjustment of arrears accruing prior to the filing date due to N.J.S.A. 2A:17-56.23a. The court found defendant admitted receiving notice of the 2018 hearings while still living in Florida. The court also found defendant elected not to attend the hearing or contact a lawyer to represent his interests in 2018. The court concluded defendant "had the opportunity to take action with respect to this order prior to leaving the country." The trial court found defendant was entitled to a modification of child support arrears, but only from the date the motion was filed.

Defendant appeals, arguing that he should get relief from the February 11, 2020 order using one of three legal pathways: Rule 4:50-1(c) and (f); N.J.S.A. 2A:17-56.23a; or the equitable doctrines of laches and unjust enrichment.

II.

Our review of Family Part orders is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). We "accord particular deference to the Family Part because of its 'special jurisdiction and expertise' in family matters." Harte v. Hand, 433 N.J. Super. 457, 461 (App. Div. 2013) (quoting Cesare, 154 N.J. at 413). Generally, "findings by the trial court are binding on appeal when supported by

4

adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). As such, we will defer to the Family Part's factual findings and legal conclusions unless convinced they are "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Ricci v. Ricci, 448 N.J. Super. 546, 564 (App. Div. 2017) (quoting Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015)). Challenges to legal conclusions, as well as a trial court's interpretation of the law, are subject to de novo review. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

## III.

Defendant argues that the February 11, 2020 order should be vacated pursuant to Rule 4:50-1(c) and (f) because the order was based on fraudulent information provided by plaintiff, and enforcement of the order would be fundamentally unfair to him. He argues that his child support obligation should be eliminated because the annual income of $138,000 was wrongly imputed to him in October 2018. We are not persuaded, as defendant is time-barred under the rule.

Rule 4:50-1 provides in pertinent part:

On motion, with briefs, and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: . . .; (c) fraud . . ., misrepresentation, or other misconduct of an adverse party . . .; or (f) any other reason justifying relief from the operation of the judgment or order.

"The motion shall be made within a reasonable time, and for reasons (a), (b), and (c) of [Rule] 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2. We have explained that a reasonable time is determined based upon the totality of the circumstances, and in regard to motions brought under Rule 4:50-1 (a), (b) and (c) that one year "represents only the outermost time limit for the filing of a motion." Orner v. Liu, 419 N.J. Super. 431, 437 (App. Div. 2011).

Defendant moved to vacate approximately sixteen months after the court's order, therefore we find defendant's argument under Rule 4:50-1(c) is time-barred pursuant to Rule 4:50-2. Under defendant's Rule 4:50-1(f) theory, he fails to show any facts which support a finding that he filed his motion to vacate within a reasonable time. Nothing in this record suggests defendant was unaware of the pending litigation or was deprived of an opportunity to defend. Rather, defendant twice elected not to appear in 2018 and offered no compelling explanation for his delay in filing his motion. We are satisfied that his sixteen-month delay, from October 26, 2018, to February 11, 2020, was not reasonable

6

under the circumstances in this case.  See Orner, 149 N.J. Super. at 437-38 (364-day delay in filing a motion to vacate was unreasonable under the circumstances).

Since we consider defendant's request for relief under Rule 4:50-1(c) and (f) time barred, we need not comment on his argument that plaintiff made a "fraudulent" child support claim which justified relief under subsection (c).

Defendant next argues the court erred by relying on what he characterizes as a "misrepresentation in income" in finding that N.J.S.A. 2A:17-56.23a barred the vacation of arrears prior to his filing date.  N.J.S.A. 2A:17-56.23a prohibits retroactive modification of child support and child support arrearages.  Keegan v. Keegan, 326 N.J. Super. 289, 293 (App. Div. 1999).  He contends that an exception to application of the statute should be made because of plaintiff's "misrepresentation."  We disagree.

Under the statute, a court may retroactively modify a child support obligation under an existing court order back to the filing date of an "application for modification," or forty-five days earlier upon service of advance notice.  See Cameron v. Cameron, 440 N.J. Super. 158, 166 (Ch. Div. 2014).  The statute "was enacted to [ensure] that ongoing support obligations that became due were paid."  Mahoney v. Pennell, 285 N.J. Super. 638, 643 (App. Div. 1995).

A-2289-20

Defendant's bald assertion that plaintiff fraudulently misrepresented his income at the October 2018 hearing is unsupported. Defendant failed to appear and presented no income evidence at that hearing. It is well-established that if a court is required to impute income because a parent has failed to provide financial information, it may do so with reasonable information that is available to it as long as the court "made a conscientious effort to fairly apply the child support guidelines . . . ." Tash v. Tash, 353 N.J. Super. 94, 99 (App. Div. 2002). The income imputed to defendant was supported by credible evidence in the record. We see no basis in the record to disturb the court's findings as to defendant's income, and we are satisfied the court correctly applied N.J.S.A. 2A:17-56.23a. On the equities, defendant has pointed to nothing in the record to justify relief of any kind, and his remaining arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2289-20